[Civ. No. 9902. First Appellate District, Division Two.—April 17, 1936.]

STATE COMPENSATION INSURANCE FUND, Respondent, v. JOHN J. DALTON, Appellant.

McEnerney, Morris, Gillen & McEnerney, Charles B. Morris and Leo J. McEnerney for Appellant.

Keith & Creede, Walter J. O'Connor, Frank J. Creede, Edmund D. Leonard and Percy J. Creede for Respondent.

STURTEVANT, J.—In an action to recover damages for wrongful death the plaintiff recovered a judgment against the defendant John J. Dalton and the latter has appealed. Other defendants were named in the complaint but they were not served and no judgment was rendered against them.

Prior to the 27th day of February, 1933, the county of Alameda was doing certain roadwork on a road leading from the eastern side of Berkeley toward the top of Grizzly Peak. It had many men employed and it was operating a number of trucks. John J. Dalton was the owner of a certain Bethlehem truck and he was employed by Mr. Wilhelm, the engineer

for Alameda County, to take his truck and assist in doing the work. His compensation was fixed at $1.50 an hour for himself and truck. A Mr. Pixley was the foreman in charge of the work. Dalton was directed to take the truck and report on the job to Mr. Pixley, who would give him his instructions. On Sunday, the 26th day of February, 1933, Dalton drove the truck to the job and parked it. The next morning he commenced the performance of the work for which he had been employed. The men had established a camp at the junction of Grizzly Peak and Fish Ranch roads which is some distance down the side of the mountain, although the actual labor was being performed at a point up toward the top of the mountain. Acting under the direction of the foreman the men boarded the trucks in the morning and were hauled to the place where the actual labor was to be performed. At the end of the day the men were directed to board the trucks and be transported down the mountain to the camp. Some of the trucks hauled men and others hauled tools. Their time ran from leaving camp until returning there. At about 4 P. M. on the 27th day of February, 1933, twenty-five or thirty men, including Jesse Bradley, one of the employees, boarded the truck being driven by the defendant Dalton. After they had started down the mountain in a very few minutes it was found that the speed of the truck could not be controlled by the driver. As some of the witnesses stated, the truck ran wild and so continued down the grade. It passed the camp and continued still farther down until it came to an oil station where the road forked. At first the driver attempted to turn to the right, but at once shifted and turned to the left on the branch that was slightly uphill. After passing the gas station a short distance it came to a stop. After leaving the top of the mountain some of the men jumped off or were thrown off in different places. Jesse Bradley remained on the truck, but, according to the evidence, he was at different places on the truck as it speeded down the mountain. The point where the roads branched is termed the intersection of Fish Ranch road and the Tunnel road. On reaching the intersection the truck had commenced to slow down. At that time Jesse Bradley was standing on the right running board. About one hundred feet back from the place where the truck came to a standstill Bradley either jumped off or was thrown off. He was seen to light on his feet but he fell backward and the rear wheel.

of the truck passed over his head, crushing it, and he died almost immediately.

As the driver started down the mountain he was driving in second gear. When the truck commenced to accelerate its speed he attempted to shift the gear and a snapping was heard. One of the employees attempted to operate the safety brake, but it would not control the truck. The driver applied the footbrake, and it would not control the truck. After the accident had happened an examination disclosed that the brake linings were very defective. There was some expert evidence to the effect that the linings had been worn out for some time. On the other hand, Dalton testified that the day before the accident he had a mechanic go over the truck and that the mechanic reported to him it was in number one working order.

Jesse Bradley left surviving a widow, Jackie Bradley, and a son, Gerald. They made an application to the Industrial Accident Commission to fix their compensation and it was fixed in the sum of $1,000 as a death benefit and $150 as a burial expense, making a total of $1150. This plaintiff being the insurance carrier of Alameda County, the commission found that the plaintiff had become obligated to pay the claim above stated. Having become so obligated the plaintiff commenced this action seeking to recover $21,150 from the defendant Dalton. After the action was tried before the court sitting without a jury the court awarded a judgment in favor of the plaintiff for the sum of $7,500.

In its complaint the plaintiff inserted two counts. In the first count it alleged: ''That at said time and place, by reason of the negligence and carelessness of the defendants in maintaining, operating and controlling said truck, the said truck got out of control of said defendants and ran away at an excessive and dangerous rate of speed on the steep grade of said roads, thereby causing Jesse Bradley to be thrown from said truck to the road and causing him to sustain serious injuries which proximately caused his death on said day. That the injuries so sustained and the death of said Jesse Bradley on said day were directly and proximately caused by the said negligence and carelessness of defendants in maintaining, operating and controlling said truck at said time and place.''

In the second count the plaintiff alleged that the brakes and other parts of the truck were defective, that defendant knew

they were defective, and that Jesse Bradley did not know they were defective. Otherwise the allegations are the same as in the first count. The trial court found the facts in each count against the defendant and in favor of the plaintiff.

The defendant contends that the evidence is insufficient to support the judgment as there is no evidence that the death of Jesse Bradley proximately resulted from the operation of defendant's automobile. We think it is sufficient to state that the foregoing facts clearly show the contrary.

The defendant next contends that Jesse Bradley was riding in defendant's automobile as a guest and therefore the evidence is insufficient to justify a judgment against the defendant predicated upon negligence. The facts clearly indicate that Bradley was neither a passenger nor a guest but was merely in the discharge of his duty as an employee of Alameda County. When, upon leaving camp, Bradley boarded a truck, his day's employment commenced and it continued until at camp, at night, he stepped out of the truck. In the meantime he was acting under the control and direction of his employer. (*Harlan* v. *Industrial Acc. Com.*, 194 Cal. 352, 356 [228 Pac. 654] ; 71 C. J. 722.)

The defendant further contends that the judgment herein is dependent for its validity upon section 26 of the Workmen's Compensation Act which is unconstitutional and void and hence the judgment is invalid. This contention is based upon the claim that said section 26 of the act provides for the recovery against the tort-feasor of all damage sustained by the heirs of the deceased employee and in addition thereto a further recovery against the tort-feasor of all sums paid by the employer or insurance carrier to said heirs. The vice in this claim rests in the assumption that the statute authorizes such double recovery. While the section is not altogether clear, a reading of the entire section leads us to the conclusion that the portions to which defendant refers deal primarily with procedural matters rather than substantive rights and should not be construed to provide for such double recovery. (*San Bernardino County* v. *Industrial Acc. Com.*, 217 Cal. 618 [20 Pac. (2d) 673] ; *Dighton* v. *Martin*, 4 Cal. App. (2d) 401 [41 Pac. (2d) 197].) We are, therefore, of the opinion that defendant's claim of unconstitutionality may not be sustained. We may further state that the record con-

tains no evidence that such double recovery was permitted in the present case.

■ The allowance of an attorney fee is no concern of this defendant. The statute does not authorize an attorney fee against the defendant. When the action is maintained by the employer or his insurance carrier the statute authorizes the trial court to fix an attorney fee which the employer may deduct from the amount which would otherwise be payable to the employee. But in the instant case the record does not show that any attorney fee was fixed or paid. The validity of the provision on the subject of attorney fees is not, therefore, involved.

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 15, 1936.