[Civ. No. 14174. Second Dist., Div. One. May 2, 1944.]

DOROTHY MAE ECKMAN et al., Respondents, v. ARNOLD TAXI COMPANY (a Corporation) et al., Appellants.

[Civ. No. 14175. Second Dist., Div. One. May 2, 1944.]

HARDWARE MUTUAL CASUALTY COMPANY (a Corporation), Respondent, v. ARNOLD TAXI COMPANY (a Corporation) et al., Appellants.

Joseph A. Ball and Kenneth Sperry for Appellants.

R. Bruce Murchison, Carroll M. Counts and Marshall & Farnham for Respondents.

DORAN, J.—The actions in which appeal has been taken herein grew out of the death of one Claude W. Eckman, who was killed when a motorcycle he was riding collided with a taxicab operated by defendant Arnold Taxi Company. Decedent left him surviving as his heirs, his wife, Dorothy Mae Eckman, and his father and mother, Charles H. Eckman and Edna M. Eckman. At the time of his death the decedent was engaged in the performance of duties in the business of his employer, and his heirs, on application, were awarded death benefits by order of the Industrial Accident Commission in the amount of $3,377.76. The wife of decedent then filed suit against the taxicab operator, the owner of the cab and the driver thereof to recover damages for the death of decedent. Decedent's father and mother joined as plaintiffs in this action at the time of trial, having first been joined by the wife as party defendants. The Hardware Mutual Casualty Company, insurance carrier for decedent's employer,

filed a separate action to recover death benefits paid or to be paid by said carrier under the award of the Industrial Accident Commission. In this latter action the plaintiff named as defendants, the operator, the owner and the driver of the cab in question, and, in addition, the American Fidelity & Casualty Company, which company had insured the operator of the cab by a policy of liability and indemnity insurance required by the provisions of an ordinance of the city of Long Beach, in which city the cab in question was operated. The ordinance provided that "said policy shall indemnify said licensee, his successors or assigns and each and every passenger, or other person injured by or in the operation of such vehicle for hire, to be operated under said license, for any damage to the person or property of each such person for which said licensee, his successors or assigns would be liable in law; and provided that each and every person, or in case of his or her death, then his or her heirs, executors or administrators shall have the right to maintain an action for such damages upon such policy." After amendment of the complaint in this latter action, a general and special demurrer to the amended complaint was overruled. At the trial the defendant American Fidelity & Casualty Company objected to the introduction of any evidence against that defendant upon the ground that the complaint failed to state a cause of action. This objection was overruled. The action by the heirs was consolidated for trial with the action brought by the employer's insurance carrier. Trial was by jury and a verdict was rendered assessing damages in the sum of $3,377.76 in favor of the Hardware Mutual Casualty Company, and in the additional sum of $1,000 in favor of decedent's heirs. Separate judgments upon the verdict were entered in each action. The defendants in both actions have appealed from the judgments.

Appellant American Fidelity & Casualty Company, contends that, as indemnitor of its codefendants, it was not a proper party defendant. Appellants also contend that if the indemnitor was not a proper party defendant the other defendants were prejudicially affected by proof that an insurance company indemnified them for their acts. Appellants contend that the trial court permitted double recovery of damages for loss of earnings of decedent, and that the court erred in so doing. It is also contended that the court erred

in refusing to give certain instructions requested by the defendants on the subject of contributory negligence.

Appellant American Fidelity & Casualty Company concedes that the heirs of decedent, or the executor or administrator of his estate, could have sued said appellant by reason of the provisions of the Long Beach ordinance above mentioned. However, appellant points out that the Hardware Mutual Casualty Company claims that it is entitled to sue under the provisions of the ordinance because of the subrogation rights given by section 3852 of the Labor Code. Appellant argues in effect that since payments of death benefits under the pertinent provisions of the Labor Code are made on the basis of dependency of the claimant upon the deceased employee, the right of subrogation given the employer or his insurance carrier under the provisions of the Labor Code is a right of subrogation to the claim of a dependent only, and such right does not extend to claims of heirs or personal representatives of the deceased, as such heirs or representatives. However appellant's proposition may apply as a general rule, in the present case the heirs of the decedent received or were entitled to receive the death benefits awarded by the Industrial Accident Commission. Section 3852 of the Labor Code, read in connection with section 3850 thereof, clearly provides that a claim of death benefits under the code does not affect the claim of the recipient of such benefits against *any* person other than the employer, nor does such claim of benefits affect the recipient's right of action for all damages proximately resulting from the death in question against *any* person, except the employer. Section 3852, *supra*, also provides that ''Any employer who pays or becomes obligated to pay compensation, . . . may *likewise* make a claim or bring an action against *such third person*.'' (Italics added to quoted portion.) It is plain, therefore, that an employer, or his insurer (see Lab. Code, § 3850), may by virtue of section 3852 of the Labor Code, bring an action against *any* person who may be sued, by the recipient of compensation, for damages proximately resulting from the injury or death of an employee. The heirs in the present case are concededly entitled to sue appellant American Fidelity & Casualty Company to recover damages for the alleged wrongful death of decedent. These heirs have received or are entitled to receive compensation from respondent insurer for the death in question. It follows that respondent insurer

may, by virtue of the right of subrogation given it under section 3852 of the Labor Code, likewise bring an action against said appellant; and the said appellant is a proper party in the situation here presented. Such being the case, the contention as to the prejudicial effect of proof of indemnification by an insurance company may be disregarded.

In the action between Hardware Mutual Casualty Company and the defendants, a stipulation was entered into with respect to the amount of the award of death benefits in favor of the heirs of decedent, as against the Hardware Mutual Casualty Company. In presenting the evidence on behalf of plaintiffs Dorothy Mae Eckman, Charles H. Eckman and Edna M. Eckman, as against all the defendants except the American Fidelity & Casualty Company, evidence as to the amount of decedent's earnings and the amount he contributed toward the support of his said heirs was introduced. As to the question of damages the court instructed the jury, in part, that if they found that plaintiffs were entitled to a verdict, the jury should award plaintiffs such sum as, under all the circumstances of the case, might be just compensation for the pecuniary loss plaintiffs had suffered by reason of the death of Claude Eckman. After instructing the jury that the amount of damage suffered by plaintiff Hardware Mutual Casualty Company, by reason of the award of death benefits, had been stipulated, the court then further instructed the jury upon this particular question as follows: "The only issue for you to determine with respect to plaintiff Hardware Mutual Casualty Company is whether these defendants are liable for this damage." The jury was instructed that if they found the defendants liable for such damage they should assess damages in favor of the said plaintiff in the stipulated sum. The jury returned the following verdict, "We, the jury in the above entitled action, find for the plaintiff, Hardware Mutual Casualty Company, a corporation, against the defendants, Arnold Taxi Company, Inc., a corporation, Virginia Garage Company, a corporation, Basil D. Stockwell and American Fidelity Casualty Company, a corporation, and assess the damages in the sum of $3377.76 and find for the plaintiffs, Dorothy Mae Eckman, Charles H. Eckman and Edna Mary Eckman, against the defendants, Arnold Taxi Company, Inc., a corporation, Virginia Garage Company, a corporation, and Basil D. Stockwell, and assess the damages in the additional sum of $1000.00." Separate judgments were

entered, as already mentioned. It should be pointed out that the court's instruction upon the question of general damages, above referred to, was in such form as to indicate that it was intended to apply to the case of the heirs of decedent; and the jury was specifically instructed that in determining the pecuniary loss in question they might consider the financial support, if any, which each plaintiff would have received from the deceased except for his death. It thus appears from the record that the case was submitted to the jury upon instructions to the effect that in event of finding defendants liable for damages, plaintiff heirs were to be awarded such sum as would compensate for the entire pecuniary loss such plaintiffs had suffered by reason of decedent's death, and plaintiff insurer was to be awarded damages in the sum stipulated as the amount of death benefits awarded by the Industrial Accident Commission.

As already indicated, section 3852 of the Labor Code creates a right of subrogation in the employer or his insurer to the claim or right of action of the employee, or any other person to whom a claim for compensation accrues, against any person liable for damages as the result of the injury of the employee or as the result of his wrongful death. (See: *Fitzgerald* v. *Quinn,* 131 Cal.App. 457, 460 [21 P.2d 656] ; *Dighton* v. *Martin,* 4 Cal.App.2d 401, 403 [41 P.2d 197] ; *Pacific Indemnity Co.* v. *California Electric Works, Ltd.,* 29 Cal.App.2d 260, 269 [84 P.2d 313].) ▮ To subrogate is to put in the place of another; to substitute. Specifically, subrogation is the substitution of one for another as a creditor, the new creditor succeeding to the former's rights. (See Webster's New International Dictionary, 2d edition, unabridged.)

▮ Sections 3850 to 3862, inclusive, of the Labor Code, being Chapter 5, of Division 4, Part 1, thereof, and dealing with the right of subrogation aforesaid, are not to be construed as providing for double recovery of indemnity against a tort feasor. (*State Comp. Ins. Fund* v. *Dalton,* 13 Cal.App. 2d 284, 288 [56 P.2d 962].)

▮ Respondents state that all of the evidence offered and introduced by respondent heirs was permitted without objection and that appellants cross-examined the witnesses. But the question here involved is not one of admissibility of evidence; nor is it merely one of segregation of damages. The question here presented is one involving the substantive right of the defendants in the case to protection against

double indemnity for the damages caused by the wrongful death of decedent. While the damages assessed in favor of the respective plaintiffs might indicate that the jury, in assessing damages to the heirs, had taken into account the death benefits awarded as compensation, yet it is impossible upon the record to conclude that such was the case. In view of the instructions, as given, to state that the amount of damages awarded the heirs represented merely the balance after deduction of the amount awarded the insurer, would be to indulge in pure speculation. It must be held, therefore, that the trial court erred to the prejudice of appellants in improperly instructing the jury upon the question of damages.

In view of the fact that the amount of the death benefit, for which respondent insurer was liable, was stipulated by the parties hereto, the only questions to be submitted to the jury were the liability of defendants for the death of decedent and the amount of the damages proximately caused to the plaintiff heirs thereby. The matter of the apportionment of the assessed damages as between the plaintiff heirs and the insurer was one for the determination of the trial judge in accord with the stipulation.

There is no merit in appellants' contention that the court erred in refusing certain instructions requested by the defendants. Appellants state that no other instructions were given to the jury which stated the identical principle of law involved in the instructions requested. The record reveals that the principle of law with respect to contributory negligence was effectively covered in several instructions given by the court.

For the reasons above given, the judgments from which this appeal is taken, are, and each of them is reversed; and the causes as consolidated are hereby remanded for a new trial upon the question of damages and the division thereof, in accordance with the views herein expressed.

York, P. J., and White, J., concurred.