[Civ. No. 8242.   Fourth Dist., Div. Two.   Mar. 31, 1967.]

MILDRED SMITH et al., Plaintiffs and Respondents, v. OTTO JOHN TRAPP, Defendant and Respondent; INDUSTRIAL INDEMNITY COMPANY, Intervener and Appellant.

McLaughlin, Evans, Dalbey & Cumming and Barry F. Evans for Intervener and Appellant.

Kinkle, Rodiger, Graf & Dewberry and David W. Graf for Defendant and Respondent.

No appearance for Plaintiffs and Respondents.

KERRIGAN, J. — An action for wrongful death was initiated against defendant Otto John Trapp by plaintiffs Mildred Smith and Robert J. Smith for the wrongful death of Charles Smith. The plaintiff, Mildred Smith, is the widow of the decedent, and the plaintiff, Robert J. Smith, is the father of the deceased. The decedent was employed by R. J. Noble Company, and the death occurred while the decedent was acting within the course and scope of his employment with such firm. The defendant Trapp, in backing a dump truck filled with asphalt, ran over the decedent who was positioned behind the truck.

Before the initiation of the wrongful death action, the plaintiff-widow filed a claim for death benefits with the Industrial Accident Commission (predecessor of Workmen's Compensation Appeals Board). The application for benefits stated that her spouse's death was occasioned by injury arising out of and occurring in the course of his employment by Noble, which company was insured for workmen's compensation benefits by Industrial Indemnity Company, plaintiff-in-intervention herein.

In June 1963 an award issued in favor of the plaintiff-widow against the compensation carrier in the total sum of $18,100, representing a widow's allowance of $17,500 and a burial allowance of $600, which award was payable in installments of $70 weekly, commencing eight days after April 18, 1963, the date of injury and death.

After the filing of the wrongful death suit, a complaint-in-intervention was filed by the carrier seeking reimbursement for benefits paid the widow. Answers were filed to the dual complaints wherein, *inter alia*, the affirmative defenses of contributory negligence of decedent and the concurrent negligence of the employer-Noble were placed in issue.

Plaintiffs and defendant-Trapp agreed to a settlement of plaintiffs' claim in the sum of $20,000. Apparently negotiations proved to be fruitless between defendant-Trapp and the employer's carrier with respect to the settlement value of the intervener's subrogation claim. A written settlement agreement was executed between plaintiffs and defendant-Trapp whereby the $20,000 figure was payable in the following

manner: (1) $6,666.66 to plaintiffs' counsel; (2) $125.46 as reimbursement to plaintiffs' counsel for costs advanced; and (3) $11,892 to the plaintiff-widow and $1,315.88 to the plaintiff-father.

A motion was thereafter filed, and subsequently amended, which sought approval of the compromise, and which clearly indicated that the intervener-carrier could proceed with its complaint-in-intervention against defendant, thereby preserving the carrier's right to collect its lien if it could prevail in the subsequent litigation. Intervener filed objections to the proposed settlement and filed a countermotion requesting that the court enjoin the contemplated compromise between the principal parties or, in the alternative, praying that it be reimbursed from the settlement proceeds for its attorney fees, costs, and the amount of its claim in the event the settlement should be approved. A further motion was then presented, wherein the heirs and defendant-Trapp requested that intervener be enjoined from discontinuing payments to plaintiff-widow pursuant to the terms of the Industrial Accident Commission award.

The court thereafter approved the settlement, denied the countermotions of the intervener, and enjoined the intervener from terminating further payments to the widow under the Industrial Accident Commission award.

No issue is involved on appeal with respect to the propriety of the allowance of attorney fees and court costs authorized by the court; similarly, there is no dispute relative to the validity of the settlement between the defendant-Trapp and the plaintiff-father inasmuch as the latter never received any prior monetary benefits as a result of his son's demise, which would be subject to any claim for reimbursement on the part of the employer. Consequently, the sole dispute concerns the validity of the proviso approving payment to the plaintiff-widow of the net settlement in the sum of $11,892.

The paramount issue involved is whether the court erred in approving the settlement between the employee's widow and the third party without the carrier's written consent, or without providing for payment of the amount of the insurer's claim from the net proceeds paid to the dependent widow. The insurer maintains that no settlement can be effected between an employee's dependents and a third party tortfeasor without the written consent of the employer, where the latter enjoys a right of subrogation. Conversely, the third party tortfeasor urges that the reimbursement provisions of the

Labor Code are not available to a negligent employer or his insurer (*Witt* v. *Jackson*, 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641]), and that inasmuch as the employer's negligence was raised as an affirmative defense in the answer to the complaint-in-intervention, it necessarily follows that the written consent of the employer is not a prerequisite to a valid settlement.

Section 3852 of the Labor Code establishes the right of a workmen's compensation insurance carrier to make a claim or file an action against a third party tortfeasor so as to recover any amounts paid pursuant to the provisions of the Workmen's Compensation Laws, and provides as follows: ''The claim of an employee for compensation does not affect his claim or right of action for all damages proximately resulting from such injury or death against any person other than the employer. Any employer who pays, or becomes obligated to pay compensation, or who pays, or becomes obligated to pay salary in lieu of compensation, may likewise make a claim or bring an action against such third person. In the latter event the employer may recover in the same suit, in addition to the total amount of compensation, damages for which he was liable including all salary, wage, pension, or other emolument paid to the employee or to his dependents.''

Section 3850 of the Labor Code defines ''employee'' and ''employer'' in the following manner: ''(a) 'Employee' includes the person injured and any other person to whom a claim accrues by reason of the injury or death of the former.

''(b) 'Employer' includes insurer as defined in this division.''

In the event the employee, his dependents, or the employer files an action against a third party tortfeasor, the following procedure is prescribed in section 3853 of the Labor Code: ''If either the employee or the employer brings an action against such third person, he shall forthwith give to the other written notice of the action, and of the name of the court in which the action is brought by personal service or registered mail. Proof of such service shall be filed in such action. If the action is brought by either the employer or employee, the other may, at any time before trial on the facts, join as party plaintiff or shall consolidate his action, if brought independently.''

If a compromise is negotiated by the employer, or the employee, of any claim against a third party where the

employer enjoys the right of subrogation, sections 3859 and 3860 of the Labor Code provide the methods by which such claim may be settled, the employer reimbursed, and payment authorized of attorney fees and court costs of the employee and the employer.

Section 3859 of the Labor Code states: "No release or settlement of any claim . . . as to either the employee or the employer is valid without the written consent of both. The consent of both the employer and the employee filed in court in writing together with the approval of the court, is sufficient in any action or proceeding where such approval is required by law."

Section 3860 of the Labor Code specifies, *inter alia*, as follows:

"(a) No release or settlement . . . , with or without suit, is valid or binding as to any party thereto without notice to both the employer and the employee, with opportunity to the employer to recover the amount of compensation he has paid or become obligated to pay and any special damages to which he may be entitled under Section 3852, and opportunity to the employee to recover all damages he has suffered and with provision for determination of expenses and attorney's fees as herein provided.

"(b) The entire amount of such settlement, with or without suit, is subject to the employer's full claim for reimbursement for compensation he has paid or become obligated to pay and any special damages to which he may be entitled under Section 3852, together with expenses and attorney fees, if any, subject to the limitations in this section set forth.

"(c) Where settlement is effected with or without suit, solely through the efforts of the employee's attorney, then prior to the reimbursement of the employer, as provided in subdivision (b) hereof, there shall be deducted from the amount of the settlement the reasonable expenses incurred in effecting such settlement, including costs of suit, if any, together with a reasonable attorney's fee to be paid to the employee's attorney, for his services in securing and effecting settlement for the benefit of both the employer and the employee."

The employee's right to sue a third party tortfeasor has been long recognized. (*Limited Mutual etc. Ins. Co.* v. *Billings,* 74 Cal.App.2d 881, 882 [169 P.2d 673].) However, the right of action against the third person given to the employer who becomes obligated to the employee for compensation to

recover the compensation he has paid is a right of action which did not formerly exist. (*Limited Mutual etc. Ins. Co.* v. *Billings, supra.*)

Section 3852 of the Labor Code is merely a recognition by the Legislature of the equitable doctrine of subrogation. (See *Western States etc. Co.* v. *Bayside Lumber Co.*, 182 Cal. 140, 148 [187 P. 735].) Where an employer has paid compensation to the family of a deceased employee, he is entitled to be subrogated to the rights of the employee's dependents and to bring suit for damages against the third person whose negligence caused the death. (See *Western States etc. Co.* v. *Bayside Lumber Co., supra,* at p. 146.) In other words, section 3852 does not authorize a recovery by the employer or his insurer against the third party tortfeasor of compensation paid to the dependents of the employee in addition to recovery by the employee against the third party tortfeasor. (*State Comp. Ins. Fund* v. *Dalton,* 13 Cal.App.2d 284, 288 [56 P.2d 962].) Section 3852 should not be construed to provide for such double recovery. (*State Comp. Ins. Fund* v. *Dalton, supra*; see *Eckman* v. *Arnold Taxi Co.*, 64 Cal.App.2d 229, 234 [148 P.2d 677] ; *Fernandez* v. *Consolidated Fisheries, Inc.*, 117 Cal.App.2d 254, 265 [255 P.2d 863].) Once the employer had recovered to the extent of compensation paid or to be paid, the employee or his dependents may then recover the excess of the damage recovery over the amount of compensation. (*Sanstad* v. *Industrial Acc. Com.*, 171 Cal.App.2d 32, 35 [339 P.2d 943].)

The employer or his insurer who has a subrogation claim against a third party tortfeasor may assert this claim by bringing an independent action (Lab. Code, §§ 3852, 3854), by joining in an action brought by the employee (Lab. Code, § 3853), or by abstaining from suit and claiming a lien against the judgment recovered by the employee. (Lab. Code, § 3856; *Burum* v. *State Compensation Ins. Fund,* 30 Cal.2d 575, 580-581 [184 P.2d 505] ; *Quisenberry* v. *Rulison,* 129 Cal.App.2d 268, 269 [277 P.2d 57].)

The insurer herein joined in the action initiated by the dependents against the third party pursuant to the provisions of section 3853 of the Labor Code. Although an intervener has the status of a party-plaintiff, the injured employee is the primary plaintiff who is in control of the case and is recognized as the dominant party. (See *Bosch* v. *Standard Oil Co. of Cal.*, 193 Cal.App.2d 426, 430 [14 Cal.Rptr. 247] ; *Mann* v. *Superior Court,* 53 Cal.App.2d 272, 280 [127 P.2d

970] ; California Workmen's Compensation Practice (Cont. Ed. Bar 1963) § 19.19.)

The precise issue presented herein concerning the validity of a settlement between the employee and the third party under section 3859 of the Labor Code, as amended, without the employer's written consent, and notwithstanding the latter's objection to such compromise, has apparently never been subjected to review by the California Supreme Court or the Courts of Appeal.

However, in *Cilibrasi* v. *Reiter,* 103 Cal.App.2d 397 [229 P.2d 394], an employee sued a third party for injuries incurred during the course and scope of her employment. The employee compromised her claim with the third party tortfeasor by executing a full release in consideration of $1,000. Subsequently, the same employee sued the third party, and the latter set up as an affirmative defense the execution of the release as a bar to the suit. The *employee* then contended that inasmuch as the release was executed without her employer's written consent, such release was void. The reviewing tribunal held, on equitable grounds, that since the employee had made no attempt to rescind the settlement contract, nor return the consideration, the release constituted a complete defense to the action. It should be noted that in the cited case the employer did not object to the settlement for the employer had received a credit in the sum of $1,000 by reason of the third party settlement with the injured employee.

Under the former California Workmen's Compensation Act, where an employee secretly settled with the third party without giving notice to the employer, the compromise was held to be valid as between the employee and the third party, but voidable at the election of the intervening carrier who had previously paid benefits to the employee. (*County of San Bernardino* v. *Industrial Acc. Com.,* 217 Cal. 618, 627 [20 P.2d 673].) The main purpose of a provision of a statute requiring notice to the employer who has paid compensation benefits is to protect his right of reimbursement. (See *County of San Bernardino* v. *Industrial Acc. Com., supra.*) While notice of the proposed settlement was given to the intervener herein, the court disregarded the objection of the subrogee to the proposed compromise, and it is certainly manifest that the entire purpose of rendering notice is rendered ineffectual in the event the court ignores the rights of the insurer and approves the settlement, notwithstanding the lack of consent on the part of the employer's insurer. The language of section

3859 of the Labor Code is clear, definite, and unequivocal in that it provides: "No release or settlement of any claim . . . as to either the employee or the employer is valid without the written consent of both . . ." Nevertheless, the words utilized are not always an infallible directive in ascertaining whether a provision is mandatory or directory in nature. (45 Cal.Jur.2d. Statutes, § 156, p. 656. 657.) Whether a statutory provision is mandatory or directory depends on legislative intent, to be determined from a consideration of the entire statute, its nature, its object, and the consequences that result from construing it one way or the other. (*DeWitt* v. *Board of Supervisors*, 53 Cal.2d 419, 425 [2 Cal.Rptr. 1. 348 P.2d 567]; *Garrison* v. *Rourke*, 32 Cal.2d 430. 437 [196 P.2d 884]; *Pulcifer* v. *County of Alameda*, 29 Cal.2d 258 262 [175 P.2d 1]; *Francis* v. *Superior Court*. 3 Cal.2d 19. 28 [43 P.2d 300]; *In re Seick*, 46 Cal.App. 363. 366 [189 P. 314].) If to construe a provision as directory rather than mandatory would render the provision ineffectual and meaningless, the provision should be construed as mandatory. (*Carter* v. *Seaboard Finance Co.*, 33 Cal.2d 564 573 [203 P.2d 758].) Inasmuch as the sole purpose of providing notice to the employer is to protect his right to reimbursement in the proceeds of the settlement, the provisions of section 3859 of the Labor Code are declared to be mandatory.

The third party herein suggests that the doctrine propounded in *Witt* v. *Jackson*, *supra*, 57 Cal.2d 57, should be extended to cases where the employer's contributory negligence is merely pleaded. A third party is entitled to have a judgment against him reduced by the amount of compensation paid to an injured employee if the third party can prove that the concurrent negligence of the employer contributed to the injuries suffered by the employee; it is contrary to the policy of the law for the employer or his subrogee, the insurance carrier, to profit by the wrong of the employer. (*Dauer* v. *Aerojet General Corp.*, 224 Cal.App.2d 175. 183 [36 Cal.Rptr. 356]; *Tate* v. *Superior Court*, 213 Cal.App.2d 238, 249 [28 Cal.Rptr. 548].) Whether an action is brought by an employer or an injured employee, a third party tortfeasor should be able to invoke the concurrent negligence of the employer to defeat its right to reimbursement, since in either event the action is brought for the benefit of the employer to the extent that compensation benefits have been paid to the employee. (*Witt* v. *Jackson*, *supra*, 57 Cal.2d 57; *Castro* v. *Fowler Equipment Co.*, 233 Cal.App.2d 416, 420-

421 [43 Cal.Rptr. 589] ; *Tate* v. *Superior Court, supra*; *Sacramento* v. *Superior Court*, 205 Cal.App.2d 398, 400 [23 Cal. Rptr. 43].) ██ When a person is entitled to indemnity against a negligent employer, the employer cannot recover reimbursement for compensation benefits made to an injured employee either by asserting a lien against a judgment recovered by the employee or by bringing an action directly against the third party. (*Witt* v. *Jackson, supra*, at p. 73.) A negligent employer should be in no better position when the third party tortfeasor does not seek indemnity; to allow the employer reimbursement in either case would allow him to profit by his own wrong. Since the injured employee may not be allowed double recovery, his damages must be reduced by the amount of workmen's compensation he receives. (*Witt* v. *Jackson, supra*; *Progressive Transportation Co.* v. *Southern Cal. Gas Co.*, 241 Cal.App.2d 738, 739 [51 Cal.Rptr. 116] ; *Castro* v. *Fowler Equipment Co., supra*; *Conner* v. *Utah Const. & Min. Co.*, 231 Cal.App.2d 263, 275 [41 Cal.Rptr. 728].)

██ The *Witt* doctrine ". . . produces the overall result that in a case of compensable injury inflicted upon the employee by the concurrent negligence of a third party and the employer, the former will be liable for the excess damages over and above the compensation benefits, while the latter, or his compensation insurance carrier, will bear the entire compensation burden." (Riesenfeld: *Workmen's Compensation and Other Social Legislation*: *The Shadow of Stone Tablets*, 53 Cal.L.Rev. 207, 217.)

██ It is thus indisputable that proof of the employer's contributory negligence bars him and his carrier from reimbursement for benefits paid the employee. However, no conceivable reasons can be advanced for suggesting that a mere allegation of contributory negligence should prejudice the employer's right to reimbursement. To extend the doctrine of *Witt* v. *Jackson, supra*, 57 Cal.2d 57, to such an extreme would be clearly violative of the express provisions of the Labor Code, requiring the employer's consent.

While the settlement agreement provided in part: "The petition-in-intervention filed by Industrial Indemnity Company against John Otto Trapp for damages shall not be affected or at all prejudiced by this settlement, but shall be completely preserved," under the suggested extension of the *Witt* doctrine, the issue of the employer's concurrent negligence is necessarily resolved against the employer to the

carrier's prejudice by the order approving settlement, inasmuch as the intervener herein was denied reimbursement from the settlement proceeds for the death benefits paid. (See Lab. Code, § 3860 subd. (b).) Realistic consideration would also preclude approval of a settlement between the employee and third party without the employer's consent. ▮ Where the employer intervenes in the employee's action against the third party, the employee is in control of the case as the dominant party. (See *Bosch* v. *Standard Oil Co.*, *supra*, 193 Cal.App.2d 426, 430; *Mann* v. *Superior Court*, *supra*, 53 Cal.App.2d 272, 280-281.) In the event judicial sanction was afforded compromises without the consent of the employer, the possibility of collusion between the parties to the settlement would always be present, which factor would prejudice the intervener's right of indemnification.

▮ The requirement of consent of both the employer and the employee to a third party settlement is not prejudicial to the employee for the reason that the employee makes an election to accept the benefits of the Labor Code in receiving a compensation award. Where the issue of the employer's negligence is asserted as a defense to his claim for reimbursement and investigation reveals facts indicating proof of the employer's contributory negligence, the latter, in protecting his monetary interests will certainly negotiate in good faith for the purpose of settling the claim or suit. Likewise, the employee will engage in bona fide negotiations for identical pecuniary reasons. The provisions of the statute requiring the consent of the employer and employee are mutual in nature, and thereby both parties must agree to the third party settlement. The Labor Code sections respecting subrogation reflect the Legislature's intent to protect the employer's right of indemnification against the third party. Consequently, the third party settlement herein is voidable because the intervener did not consent thereto. (See *County of San Bernardino* v. *Industrial Acc. Com.*, *supra*, 217 Cal. 618, 627.)

The order approving settlement, enjoining the intervener from discontinuing the payments to dependents, and denying intervener's motion to enjoin the settlement is reversed insofar as it concerns the plaintiff Mildred Smith; the said order is affirmed insofar as it concerns the plaintiff Robert J. Smith.

McCabe, P. J., and Tamura, J., concurred.