[Civ. No. 40504. First Dist., Div. Four. Sept. 6, 1977.]

PERMANENTE MEDICAL GROUP,
KAISER FOUNDATION HOSPITALS, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
PRICE BUILDING SPECIALIST et al., Respondents.

**COUNSEL**

Airola & Ringgold and Kathryn E. Ringgold for Petitioner.

Philip M. Miyamoto, Charles L. Swezey, Thomas J. McBirnie, Hanna, Brophy, MacLeon, McAleer & Jensen and John W. Moore for Respondents.

**OPINION**

**CALDECOTT, P. J.**—Petitioner, The Permanente Medical Group, Kaiser Foundation Hospitals (Kaiser), seeks a writ of review after the Workers' Compensation Appeals Board denied Kaiser's petition for reconsideration of an order approving a compromise and release agreement between respondent John E. Williams and Price Building Specialist, joined by its insurer, Argonaut Insurance Company.

Kaiser is a group health care provider which rendered medical services to John E. Williams for a heart condition allegedly incurred in the course of his employment with Price Building Specialist. On October

11, 1973, Kaiser filed an application for adjudication of claim, alleging that it was entitled under Labor Code section 4903.1, subdivision (b), to reimbursement, as a lien claimant, for medical care provided to Williams.

A hearing was held on August 5, 1976, at which time Williams' and Price's compensation carrier, Argonaut Insurance, submitted a compromise and release agreement.[1] The agreement specifically did not provide for Kaiser's claim for reimbursement. Kaiser could have proceeded at that time to prove the industrial causation and to establish the amount of the lien to which it was entitled. It refused to do so, however, on two grounds: (1) that the workers' compensation judge did not allow adequate time for a hearing on Kaiser's claim; and (2) that Kaiser had an absolute right, under Labor Code section 4903.1, subdivision (c), to an award of a lien before the compromise and release was approved. The judge thereafter dismissed the entire case because of Kaiser's "refusal to prosecute." Before dismissing the action, the judge did not send Kaiser a notice of intention to dismiss, at least 15 days before dismissal, as required by Workers' Compensation Appeals Board Rules of Practice and Procedure section 10594.

Kaiser petitioned the Workers' Compensation Appeals Board for reconsideration on the grounds that 1) the judge improperly dismissed its application; and 2) under Labor Code section 4903.1, subdivision (c), the judge should not have approved the compromise and release since he did not simultaneously allow for Kaiser's lien claim.

The board granted reconsideration, and on the first issue, ruled that the dismissal was defective because Kaiser had not been sent a 15-day notice of intention and ordered the case returned to the Workers' Compensation Appeals Board judge for further proceedings. However, the board affirmed the judge's order approving the compromise and release. From this ruling petitioner seeks a writ of review.

---

[1] The report approving the compromise and release stated: "This case presented a number of issues among which are employment, injury arising out of and occurring in the course of employment, nature and extent of disability and need for medical treatment. After a thorough review of all of the medical evidence on file in this case and considering the complex issues presented, the judge finds the compromise and release to be adequate as to the rights of the injured employee, John E. Williams, and the defendants. The rights of The Permanente Medical Group/Kaiser Foundation Hospitals are excluded from this Compromise and Release."

Labor Code section 4903.1 provides: "The appeals board, before issuing its award or approval of any compromise of claim, shall determine, on the basis of liens filed with it, whether any benefits have been paid or services provided by a health care service plan, a group disability policy, a self-insured employee welfare benefit plan, or a hospital service contract, and its award or approval shall provide for reimbursement for benefits paid or services provided under such plans as follows:

". . . . . . . . . . . . . . . . .

"(c) When the parties propose that the case be disposed of by way of a compromise and release agreement, in the event the lien claimant does not agree to the amount allocated to it, then the referee shall determine the potential recovery and reduce the amount of the lien in the ratio of the applicant's recovery to the potential recovery in full satisfaction of its lien claim."

In the present case no allocation was made to the lien claimant. The claim was not heard and denied; there was no adjudication of the claim on its merits. The board's order specifically stated: "The rights of The Permanente Medical Group/Kaiser Foundation Hospitals are excluded from this Compromise and Release."

Respondent Argonaut Insurance Company. contends that where an employer and employee undertake to compromise their differences, leaving to the lien claimant the right to litigate its claim, section 4903.1, subdivision (c), has no application. Argonaut further contends that section 4903.1, subdivision (c) does not apply where the employer and employee have made no attempt to diminish the lien claimant's right to litigate the claim. The board also contends that as no monies were allocated to the lien claimant, section 4903.1, subdivision (c), is not applicable to the compromise and release agreement.

The lien claimant, Kaiser, in its brief, concedes that section 4903.1, subdivision (c), is open to such an interpretation, but that section 4903.1 and 4903.1, subdivision (c), when read together, show a legislative intent to mandate the board to provide reimbursement to a lien claimant before approving the compromise and release agreement. The lien

claimant points out that it can suffer under a forced adjudication of its claim if it has to prove the merits.[2]

The Legislature, however, has specified just three situations where section 4903.1 applies. Section 4903.1, subdivisions (a) and (b), covers the cases where the referee "issues an award finding that an injury or illness arises out of and in the course of employment." No such finding and award was made here. The third situation, section 4903.1, subdivision (c), is limited to the disposal of the case by compromise and release agreement where *"the lien claimant does not agree to the amount allocated to it."* (Italics added.) In such a case the section provides that the referee shall determine, on a basis specified in the section, the amount the lien claimant shall recover. As no allocation was made to the lien claimant, section 4903.1, subdivision (c), has no application. The board's order approving the compromise and release agreement specifically excluded the lien.

The board has ordered the case returned to the Workers' Compensation Appeals Board judge. Kaiser may thus proceed to establish the amount of the lien claim to which it is entitled. If the judge finds in that proceeding that the employee's injury was industrial in origin, Kaiser will be entitled to the full amount of its lien claim. **(1)** Since the employer was willing to settle with the employee however, section 4903.1, subdivision (c), was applicable; the employee was therefore not required to risk the entire award by litigating, and perhaps losing, the issues of employment or industrial causation. If, under section 4903.1, subdivision (c) proceedings, the lien claimant were permitted to intervene and postpone a settlement until it received a satisfactory award, many employees would be deprived of an early and advantageous settlement. The law favors the settlement of controversies, including disputed workers' compensation claims. (*LaBorde* v. *McKesson & Robbins, Inc.,* 264 Cal.App.2d 363, 370 [70 Cal.Rptr. 726].) Furthermore, the injured employee is entitled to resolution of his compensation claim "expeditiously, inexpensively, and without incumbrance of any character." (Cal. Const., art. XX, § 21.) Where, as here, there are disputed issues of employment and causation, the injured employee should be permitted to take advantage of a settlement offer. No rights of Kaiser

---

[2] In the present case the workers' compensation judge stated in the report on order approving compromise and release: "This case presented a number of issues among which are employment, injury arising out of and occurring in the course of employment, nature and extend of disability and need for medical treatment."

have been limited or extinguished by this procedure. Had Argonaut Insurance refused to settle with the employee, Kaiser would be under no less a burden than it is now. In view of the stated legislative policy to interpret provisions of the workers' compensation act to extend its benefits to the injured employee (Lab. Code, § 3202), Labor Code section 4903.1, subdivision (c) should not be interpreted to require a lien claimant's award to be established before approval of a compromise and release agreement between the employee and his employer or its insurance carrier.

The order of the commission is affirmed.

Rattigan, J., and Christian, J., concurred.