[Civ. No. 26123. First Dist., Div. One. Mar. 5, 1970.]

BERNIE E. GARRETT, Plaintiff and Respondent, v.
SHENSON MEAT COMPANY et al., Defendants and Respondents;
NORTHWESTERN NATIONAL INSURANCE COMPANY,
Claimant and Appellant.

## COUNSEL

Mullen & Filippi and Robert N. Silverman for Claimant and Appellant.

Goodman, Herbert & Lucas and William H. Herbert for Defendants and Respondents.

No appearance for Plaintiff and Respondent.

## OPINION

**ELKINGTON, J.**—Northwestern National Insurance Company (herein called "Northwestern"), considering itself aggrieved by the superior court's denial of a lien for workmen's compensation benefits furnished its insured's employee Bernie E. Garrett, has appealed from orders granting judgment notwithstanding a jury's verdict and an alternative limited new trial, and from a portion of a judgment in favor of Garrett. Respondents on the appeal are Garrett, Shenson Meat Company (herein called "Shenson"), and Charles Moya.

The issues presented to us concern the effect of the so-called *Witt* v. *Jackson* doctrine (*Witt* v. *Jackson,* 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641]) on Labor Code sections 3850-3864, creating, or recognizing subrogation rights of an employer (or his insurance carrier) against a third party tortfeasor for workmen's compensation benefits furnished an injured employee. *Witt* v. *Jackson* holds that a third party tortfeasor is entitled to have a judgment against him reduced by the amount of compensation paid to an

injured employee, if the third party can prove that the concurrent negligence of the employer proximately contributed to the injuries suffered by the employee. (See also *Smith* v. *Trapp,* 249 Cal.App.2d 929, 938 [58 Cal. Rptr. 229].)

Garrett, driving a bus of his employer, American Bus Lines, slowed down to avoid hitting a pedestrian. While so traveling at a reduced speed, the bus was rear-ended by a truck of Shenson being operated by its employee Paul Charles Moya (Shenson and Moya are the "third party tortfeasors" of this case). In the collision Garrett allegedly suffered injuries. Appellant Northwestern was American Bus Lines' compensation insurance carrier. Recognizing its liability, Northwestern provided Garrett with medical benefits and temporary disability payments totaling $9,273.24.

Garrett thereafter commenced a personal injury negligence action against Shenson and Moya. In their answer, prompted by the rule of *Witt* v. *Jackson, supra,* 57 Cal.2d 57, the defendants alleged that negligence of Garrett's employer, American Bus Lines, was a proximate cause of the accident and of Garrett's injuries; they prayed that any recovery by Garrett be reduced by the amount of any workmen's compensation benefits furnished him. American Bus Lines and Northwestern had timely notice of the action and its issues. However, neither chose to intervene or otherwise appear therein, except that Northwestern filed notice of a claim of lien, for the amount of workmen's compensation benefits provided Garrett, against any judgment he might recover.

The action was thereafter ordered consolidated for trial with another action in which one Kleif, a passenger on the subject bus, was plaintiff and American Bus Lines, a defendant. By stipulation of the parties the trial was ordered bifurcated with the issues relating to liability to be first tried.

At the conclusion of the trial of the liability issues the jury found Shenson and Moya to be liable for Garrett's injuries. For some reason undisclosed by the record, the *Witt* v. *Jackson* issue, whether the bus line's negligence was a proximate cause of the accident, was not given to, or resolved by, the jury in the *Garrett* case. However, in the companion (Kleif) action, the same jury found that American Bus Lines was not negligent in the maintenance and operation of the bus.

Shenson and Moya thereupon moved the court for judgment in their favor, notwithstanding the verdict of the jury, on the *Witt* v. *Jackson* issue, on the ground that the evidence as a matter of law showed that the bus had been negligently maintained by American Bus Lines. Alternatively, a motion for a new trial on that issue was also made. The motions were submitted for decision and, by stipulation, the trial continued before the court on the issue of damages.

While the trial on the issue of damages was pending and the motions for judgment notwithstanding the verdict and for new trial remained undecided the parties, Garrett, Shenson and Moya reached a stipulation. It was agreed, and proposed to the court, that if the court ordered judgment notwithstanding the verdict against American Bus Lines and (by application of law) its insurance carrier, appellant Northwestern, on the *Witt* v. *Jackson* issue, judgment might be entered in favor of Garrett for $13,500; but that if the motions for such judgment and for new trial were denied, judgment might be entered for $13,500 plus the amount of Northwestern's lien of $9,273.24, a total of $22,773.24. Northwestern had notice of the stipulation and timely objected to it, arguing that its statutory lien rights would be defeated there- ██ ██ The court thereafter concluded that "the jury's special findings with respect to the absence of negligence on the part of [American Bus Lines] was contrary to the evidence, since there was a plain uncontradicted violation of statute and no evidence of any justification therefor," and that such violation was a proximate cause of the accident. The motion for judgment notwithstanding the verdict was granted as was the alternative motion for a new trial.

A judgment was then entered in favor of Garrett for $13,500, which further provided "that the plaintiff have and take such judgment in said amount free and clear of any claims of lien rights, herein of said Northwestern National Insurance Company."

We are presented with no reporter's record whatever of the oral proceedings taken during and after the consolidated trial to and including the return of the jury's verdicts on February 29, 1968. The record before us consists "of all pleadings and documents contained in the clerk's file as well as and including all Memorandum [*sic*] of Points and Authorities, as well as all minute orders" and certain oral proceedings taken April 8, 1968. Our factual recitals have been pieced together from the scant record before us and from matters upon which the parties have agreed in their briefs.

Northwestern contends (1) that "there was evidence of sufficient substantiality to support a finding that there was no negligence on the part of American Bus Lines," and (2) the granting of a new trial was erroneous "since there was sufficient evidence to justify the verdict of the jury that there was no negligence on the part of American Bus Lines." These contentions must fall as they are not supported by any record before us. ██ Without a record that reveals error it will be presumed that there was no error. (*Ehman* v. *Moore,* 221 Cal.App.2d 460, 463 [34 Cal.Rptr. 540]; *Woolford* v. *Denbow,* 216 Cal.App.2d 200, 203 [30 Cal.Rptr. 794].) ██ And since we presume no error we must conclude that the evidence before the court and jury supported *only* a finding that American Bus Lines was negligent and

that such negligence proximately contributed to the accident and Garrett's injuries.

Next, Northwestern asserts error in that since the issue as to American Bus Lines' negligence was not given the jury in *the Garrett case* "there is no verdict against which" the motion for judgment notwithstanding the verdict could be directed.

■ As we have pointed out, we must conclude as a matter of law that the evidence of the Garrett trial supported the judgment notwithstanding the verdict on the *Witt* v. *Jackson* issue. Code of Civil Procedure section 629 provides that a judgment notwithstanding the verdict *shall* be granted "whenever a motion for a directed verdict for the aggrieved party should have been granted had a previous motion been made." It follows, since the *Witt* v. *Jackson* issue should have been withheld from the jury's consideration by a directed verdict there was no error—at least none that prejudices Northwestern. Because of the absent record, we have no way of knowing why, as emphasized by Northwestern, the issue of the bus line's negligence was given the jury in the companion "Kleif" case, but withheld in the Garrett action. It may have been inadvertent, or it may have resulted from a stipulation—in order to minimize a profusion of jury interrogatories in a complex consolidated trial—that the jury's finding in one case would be treated as also found in the other, or there may have been some other reason. In any event a directed verdict on the subject issue would have been proper—hence the judgment notwithstanding the verdict on that issue, was proper.

Northwestern places special stress upon its remaining contention: That the stipulation for judgment conditioned upon the result of the motion for judgment notwithstanding the verdict was violative of Labor Code section 3859, and therefore that part of the judgment ordering its award to be free and clear of Northwestern's lien should be set aside.

Labor Code section 3859, relied upon by Northwestern, provides that "No release or settlement of any claim [against the third party tortfeasor] as to either the employee or the employer is valid without the written consent of both." Section 3860 makes similar provision.

■ The obvious purpose of sections 3859-3860 is to protect subrogation rights to which an employer is legally entitled. If by the operation of the *Witt* v. *Jackson* doctrine he is denied any subrogation rights it would be unreasonable, and clearly offensive to that doctrine, to allow him to frustrate liquidation of his employee's just claim against another. In *LaBorde* v. *McKesson & Robbins, Inc.,* 264 Cal.App.2d 363 [70 Cal.Rptr. 726], passing upon a contention quite similar to that we now discuss, the

court stated (p. 368): "The issue we determine on this appeal is whether a settlement between plaintiff-employee and third party tortfeasors is valid under the circumstances described. We hold that it is. Sections 3859 and 3860 were not designed to cover this *Witt* v. *Jackson* situation. They were not intended to block a settlement between an injured employee and a third party tortfeasor where the concurrent negligence of the employer has been made an issue in the litigation and where the settlement is carefully drawn to leave intact all of the rights of the employer (and his compensation carrier)." See also *Bennett* v. *Unger,* 272 Cal.App.2d 202 [77 Cal.Rptr. 326], where a compensation insurance carrier's counsel, making a substantially similar argument, were fined $500 for a "friviolous appeal."

■ The stipulation of the instant case was reached with scrupulous concern for any subrogation rights which Northwestern might have. If it was thereafter determined that American Bus Lines was not negligent then the insurance carrier would have judgment for the full amount of its subrogation claim. If the bus company was found to be negligent, then, under the compulsion of *Witt* v. *Jackson,* Northwestern would receive nothing. There could be no conceivable prejudice to the insurance company from the stipulation. When the court thereafter concluded (we presume, properly) that negligence of the employer, American Bus Lines, proximately contributed to Garrett's injuries, it became legally bound to deny Northwestern any lien upon the judgment award to Garrett. There was no error.

The judgment is affirmed. Since the order granting judgment notwithstanding the verdict may be, and was, reviewed by us on the appeal from the judgment, and is itself not appealable (*Jordan* v. *Talbot,* 55 Cal.2d 597, 602 [12 Cal.Rptr. 488, 361 P.2d 20]; *Jach* v. *Edson,* 255 Cal.App.2d 96, 98 [62 Cal.Rptr. 925]), the purported appeal from that order is dismissed. The appeal from the alternative order granting Shenson and Moya a new trial having become moot (see Code Civ. Proc., § 629), that appeal is dismissed.

Sims, J., Acting P. J., and Taylor, J.,* concurred.

*Assigned by the Chairman of the Judicial Council.