[L.A. No. 29775. In Bank. Nov. 6, 1970.]

JOSEPH HUNTER BROWN, Petitioner, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent;
MICHAEL O. SULLIVAN et al., Real Parties in Interest.

### COUNSEL

Sprague & Milligan and Wallace B. Farrell for Petitioner.

No appearance for Respondent.

T. Groezinger, Loton D. Wells, Edwin J. Dubiel, James J. Vonk, Melanie Schodde, Herbert Lasky and James R. Dunn for Real Parties in Interest.

### OPINION

BURKE, J.—Petitioner in this mandamus proceeding seeks to compel respondent superior court to approve a settlement agreement reached between petitioner as plaintiff and real parties in interest Sullivan et al. as defendants in a third-party tortfeasor action, but which settlement lacked the consent of the workmen's compensation insurance carrier (carrier) of petitioner's employer. As will appear, we have concluded that the trial court ruled correctly that the proposed settlement improperly undertook to exclude the carrier's claimed reimbursement lien, and that the writ sought should be denied.

After petitioner (plaintiff) had filed his action against the Sullivans (defendants) seeking to recover for personal injuries, plaintiff's employer and the latter's carrier filed notices of lien in the action, claiming a lien upon any settlement or judgment recovered by plaintiff, pursuant to sections 3850 through 3863 of the Labor Code.[1]

Those sections provide, inter alia, that an employer (or carrier) who becomes obligated to pay workmen's compensation benefits to an employee may recover the amount so expended against a negligent third party. He may do so in several ways. He may bring an action directly against the third party (§ 3852), join as a party plaintiff or intervene in an action brought by the employee (§ 3853), or allow the employee to prosecute the action himself and subsequently apply for a first lien against the amount of the employee's judgment, less an allowance for litigation expenses and attorney's fees (§ 3856, subd. (b)). (See *Witt* v. *Jackson* (1961) 57 Cal. 2d 57, 69 [17 Cal.Rptr. 369, 366 P.2d 641].)

The employer may also seek recoupment from any settlement reached with the third party. Section 3859 declares that no release or settlement of any claim against the third party "as to either the employee or the employer

---

[1]All section references are to the Labor Code unless otherwise stated.

is valid without the written consent of both." Section 3860, subdivision (b), states that "The entire amount of such settlement, with or without suit, is subject to the employer's full claim for reimbursement . . . ."

In the present case, before the employee's action came on for trial he and defendants arrived at a settlement agreement which failed to provide for reimbursement to the carrier of its claimed lien; the carrier accordingly did not consent to the settlement. On the date set for trial plaintiff's counsel informed the court that a settlement had been obtained which provided that plaintiff "would receive a specified sum independent of, and in addition to, any amounts the lien claimants might receive." The trial court at first approved the settlement, but upon motion of the carrier the court vacated the settlement on the ground that court approval thereof was precluded by the holding of *Smith* v. *Trapp* (1967) 249 Cal.App.2d 929 [58 Cal.Rptr. 229], and by sections 3859 and 3860. Plaintiff then instituted this mandamus proceeding.

*Smith* v. *Trapp* involved the effect upon a settlement agreement between plaintiff and defendant, of the rules laid down by this court in *Witt* v. *Jackson, supra,* 57 Cal.2d 57, 72-73, with respect to situations in which the concurrent negligence of the employer is an issue. In *Witt* we held that it was not the intent of the Labor Code that an employer whose concurrent negligence had contributed to the employee's injuries could take advantage of the statutory reimbursement remedies; that accordingly a negligent employer may not recover against a third party tortfeasor; and that since the injured employee may not be allowed double recovery his damages against the third party must be reduced by the amount of workmen's compensation benefits he received.

Four Court of Appeal opinions have dealt with the bearing of the *Witt* rules upon the Labor Code provisions which require consent of *both* employer and employee to any settlement with the third party and which state that the entire amount of any settlement is subject to the employer's reimbursement claim. (§§ 3859, 3860.)

The first of such cases (*Smith* v. *Trapp, supra,* 249 Cal.App.2d 929), a wrongful death action brought by an employee's widow, holds that a settlement reached by plaintiff and defendant without the consent of the employer's carrier should not have been approved by the trial court. There the carrier filed a complaint in intervention seeking reimbursement for benefits paid. Defendant pleaded contributory negligence of the employee and concurrent negligence of the employer. Plaintiff and defendant arrived at a written settlement which did not cover or include the claim of the carrier, but instead provided that the latter's complaint-in-intervention "for damages shall not be affected or at all prejudiced by this settlement, but

shall be completely preserved," thereby protecting "the carrier's right to collect its lien if it could prevail in the subsequent litigation." (Pp. 929, 933, of 249 Cal.App.2d.) Over the carrier's objections, the trial court approved the settlement. The Court of Appeal reversed, holding that the section 3859 provisions requiring the consent of both employee and employer to any release or settlement were mandatory. (P. 938 [7] of 249 Cal.App.2d.) Nothing in the *Smith* opinion suggests that the issue of defendant's liability to plaintiff (i.e., the issues of defendant's negligence and of plaintiff's contributory negligence) had been determined adversely to defendant either prior to or as an incident of the proposed settlement between plaintiff and defendant, leaving open only the issue of the employer's concurrent negligence.

Thereafter, the other three Court of Appeal decisions—relied upon by plaintiff in the present case—approved actions of trial courts, taken after trial had commenced, in permitting plaintiff and defendant to settle or to stipulate to defendant's liability to plaintiff and the amount of damages plaintiff should recover over and above the carrier's claim for reimbursement. However, in each of such decisions (*LaBorde* v. *McKesson & Robbins, Inc.* (1968) 264 Cal.App.2d 363, 367 [70 Cal.Rptr. 726]; *Bennett* v. *Unger* (1969) 272 Cal.App.2d 202, 206 [77 Cal.Rptr. 326]; *Garrett* v. *Shenson Meat Co.* (1970) 5 Cal.App.3d 69, 74 [85 Cal.Rptr. 65]), it appears that the *only issue remaining in the case after the proposed settlement or stipulation* was that of the employer's alleged concurrent negligence which, if established, would defeat the reimbursement claim. Additionally, in *Garrett* the appellate court notes that the record presented on appeal supported *only* a finding that negligence of the employer had proximately contributed to the employee's injuries; that accordingly the trial court had been legally bound to deny the carrier any lien upon the judgment in the employee's favor, entered upon a stipulation which had excluded the carrier's claim for reimbursement but had expressly provided that the claim should be added to the judgment in the event the employer's lack of negligence was established.

We are persuaded that each of the four Court of Appeal cases arrived at a holding consonant with the intent and practical application of the pertinent Labor Code sections in the light of the *Witt* rules relating to concurrent negligence of the employer.

■ The purpose of section 3859 in requiring the written consent of both employee and employer to any release or settlement of a claim against a third party, and of section 3860, subdivision (b), in declaring that the entire amount of a settlement is subject to the employer's reimbursement claim, is of course to protect the rights and interests of employee and em-

ployer and to prevent or discourage either of them from obtaining a recovery from the third party at the expense or the disadvantage of the other. ▪ The employee and the employer have a common interest in establishing the negligence of the third party and the lack of any claimed contributory negligence of the employee, as unless and until those issues are finally determined or conceded against the third party neither employee nor employer will be entitled to recover.

▪ As correctly pointed out in *Smith* v. *Trapp, supra,* 249 Cal.App.2d 929, 940, the employee makes an election to accept the benefits of the Labor Code in receiving a compensation award. His right to such an award is not defeated by his own negligence or by the employer's lack thereof. (§ 3600.) However, after electing to receive workmen's compensation from the employer or the latter's carrier the employee cannot reasonably be heard to contend that, in disregard of and free from the reimbursement rights of those who paid his compensation, he should be permitted to settle his claims against a negligent third party without first securing a favorable determination of the negligence issues upon which both employee's and employer's right to recover will initially depend. As noted, there was no showing in *Smith, supra,* that those issues had been settled adversely to the third party defendant at the time of the proposed settlement between plaintiff employee and the defendant. Accordingly the Court of Appeal ruled correctly in *Smith* when it declined to permit the settlement and thus refused to allow plaintiff to take her own recovery and leave the employer's carrier to pursue the litigation as best it could.

However when, as in *LaBorde* v. *McKesson & Robbins, Inc., supra,* 264 Cal.App.2d 363, 367, *Bennett* v. *Unger, supra,* 272 Cal.App.2d 202, 206, and *Garrett* v. *Shenson Meat Co., supra,* 5 Cal.App.3d 69, 74, the issues of defendant's negligence and any alleged contributory negligence of the employee have once been determined favorably to the employee—and thus favorably to the employer as well—and only the issue of concurrent negligence of the employer remains in the case, it appears that no useful purpose will be served in banning an agreement by the employee to accept a specified sum from the third party in settlement of the employee's share of the total claim free and clear from the reimbursement rights asserted by the employer.

It is difficult to perceive how the employee's settlement at that juncture could prejudice the employer's interests, as it would appear that thenceforward the employer's prospects of recovery would be neither lessened nor enhanced by such settlement. The employer will have received the benefit of the determination of the liability issues—except those relating to his own concurrent negligence—but will not participate in the employee's

share of the recovery (which excludes compensation amounts received by him from the employer) regardless of how the concurrent negligence issue is resolved. If he loses on that issue then under *Witt, supra,* he will be entitled to no reimbursement whatever, but if he prevails his recovery will be for the compensation amounts paid by him to the employee. On the other hand, the employee, who is precluded by the *Witt* rulings from a double recovery, will neither gain nor lose by the determination of whether or not the employer was negligent; the employee thus lacks such mutuality of interest in that issue as might be helpful to the employer. It is our view that the employer, in each of the cases relied upon by petitioner, was given, either by virtue of his status as an intervener or as a result of the particular stipulations involved, all the protection of the pertinent Labor Code sections as affected by the *Witt* rulings.[2] From the viewpoint of the administration of justice the satisfactory resolution of issues by settlement is to be encouraged.

Although, as stated, the holdings in *Smith* v. *Trapp, supra,* 249 Cal. App.2d 929, *LaBorde* v. *McKesson & Robbins, Inc., supra,* 264 Cal.App. 2d 363, *Bennett* v. *Unger, supra,* 272 Cal.App.2d 202, and *Garrett* v. *Shenson Meat Co., supra,* 5 Cal.App.3d 69, when considered in the context of the factual and procedural situation in each case, appear to be consistent with each other and with the views we express in the present case, nevertheless any statements found in any of those four cases which may be deemed contrary to such views are disapproved.

■ In this case, not only did defendants raise no issue of concurrent negligence by the employer, but plaintiff has made no showing whatever that the issues with respect to negligence as between himself and defendants, upon which both plaintiff's and the employer's recovery rights would depend, had been finally determined in plaintiff's favor in connection with or as an incident of the proposed settlement agreement between plaintiff and defendant. It follows that the trial court was correct in its ruling that the settlement, which excluded the carrier's claimed lien, should not be approved.

The alternative writ heretofore issued is discharged, and the peremptory writ is denied.

Wright, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.

---

[2]We need not decide under what other circumstances and with what other arrangements the employer would also be provided with the protection demanded by sections 3859 and 3860.