[Civ. No. 28784. First Dist., Div. Two. May 22, 1972.]

LOUIS E. BRANDON, Plaintiff and Respondent, v.
SANTA RITA TECHNOLOGY, INC., et al., Defendants;
STATE COMPENSATION INSURANCE FUND,
Claimant and Appellant.

[Civ. No. 29379. First Dist., Div. Two. May 22, 1972.]

LOUIS E. BRANDON, Plaintiff and Respondent, v.
STATE COMPENSATION INSURANCE FUND,
Defendant and Appellant.

(Consolidated Appeals.)

## COUNSEL

T. Groezinger, Loton Wells and Herbert Lasky for Claimant and Appellant and for Defendant and Appellant.

Hoberg, Finger, Brown & Abramson and Jacques M. Alder for Plaintiff and Respondent.

## OPINION

**ROUSE, J.**—This is an appeal by the State Compensation Insurance Fund (hereafter "Fund") from a judgment which held that an employer insured by it was guilty of negligence which was a proximate cause of personal injuries sustained by an employee. The Fund also appeals from a post-judgment order denying its motion to impose a first lien upon the judgment recovered by the injured employee against certain third party tortfeasors.

The record shows that on December 20, 1965, plaintiff Louis Brandon brought a personal injury action against defendants Clarence Kavanaugh, Johnson & Mape Construction Co., Inc., and Santa Rita Technology, Inc.

Plaintiff, who had been injured in the course of his employment, charged all three defendants with negligence.

Notice of the filing of the action was duly given to the Fund, the workmen's compensation carrier for plaintiff's employer, Quality Air Conditioning Co., Inc. Fund did not file a complaint in intervention nor join as a party but did file a notice of lien on February 23, 1966.

None of the three defendants raised the issue of the concurrent negligence of plaintiff's employer in their pleadings. However, a year before the case went to trial, plaintiff's counsel attempted to obtain a waiver of lien from the Fund, when he called the Fund's counsel and told him of his opinion that the issue of employer negligence was clearly an appropriate one to be raised by the defense. The Fund's counsel disagreed and on the basis that such issue had not been raised in the pleadings chose neither to waive the lien nor to intervene in the action. Thereafter counsel for the Fund went to the courthouse, examined the file and confirmed his belief that such a defense had not been pleaded.

The case came on for trial in February 1970. After the jury had been selected, the defendants advised the court that they wished to amend their answers to plead negligence on the part of plaintiff's employer. Plaintiff's counsel indicated that he had no objection, and the court ruled that it would allow the amendments.

On the morning of the second day of trial, the parties advised the court that a settlement had been reached, and they requested that the court enter judgment in favor of plaintiff and against defendants in the amount of $92,500. They also advised the court that they wished to waive a jury and have the court try the issue of the employer's negligence. The court granted both requests, discharged the jury and proceeded forthwith to take evidence on the issue of the employer's negligence.

On the afternoon of the second day of trial and within a matter of three or four hours after he first learned that defendants had amended their pleadings to include the defense of employer's negligence, counsel for the Fund appeared at the trial and objected to the proposed settlement. He also requested a continuance so that he could intervene and prepare to defend against the charge of employer negligence. The court declined to grant a continuance and continued with the taking of evidence on the employer negligence issue.

On May 18, 1970, judgment was entered in favor of plaintiff and against defendants in the amount of $92,500. The judgment included a determination that plaintiff's employer was guilty of negligence which proximately

caused plaintiff's injuries. The Fund filed notice of appeal from the judgment.

On July 10, 1970, the Fund moved for an order imposing a first lien on the judgment in favor of the plaintiff. The motion was denied, and the Fund filed notice of appeal from the order of denial. The two appeals have been consolidated in this court.

■ The Fund's sole contention on appeal is that the trial court erred in refusing to continue the trial of the employer negligence issue at its request. The Fund asserts that the court violated the notice requirements of Labor Code, sections 3858 and 3860, subdivision (a), and that it also deprived the Fund of due process of law and equal protection of the laws.

In *Witt* v. *Jackson* (1961) 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641], our Supreme Court held that a third party tortfeasor may invoke the concurrent negligence of the employer to defeat the latter's right to recover workmen's compensation benefits paid to an employee injured as a proximate result of the negligence of such third party, regardless of whether the action against the third party is brought by an employer who has already paid workmen's compensation or by the employee who has received compensation. The court in the *Witt* case pointed out that an employer (or insurance carrier)[1] who had become obligated to pay compensation to an employee had three methods of recovering the amount so expended against a negligent third party: he could bring an action directly against the third party (Lab. Code, § 3852), join as a party or intervene in an action brought by the employee (Lab. Code, § 3853), or allow the employee to prosecute the action himself and then apply for a first lien against the employee's judgment (Lab. Code, § 3856, subd. (b)).

In the subsequent case of *Tate* v. *Superior Court* (1963) 213 Cal.App. 2d 238 [28 Cal.Rptr. 548], petitioners (who were defendants in the lower court action) sought mandamus to compel a trial court to set aside its order sustaining a demurrer to an amended answer; also, to allow amendments to answers and to allow cross-complaints in a personal injury action brought by an injured employee against third party tortfeasors. In those pleadings defendants sought to invoke a *Witt* v. *Jackson* defense. The question before the appellate court was whether the defendants should be allowed to amend their answers to raise the defense of employer negligence and, if so, whether the employer and insurance carrier should then be brought into the action as necessary or indispensable parties. The court

[1] Labor Code, section 3850, subdivision (b), defines the word "employer" as including an "insurer."

held that the defendants were entitled to amend their answers and that the fact that the employer and compensation carrier were not parties to the action was not a ground for denying defendants the right to raise the applicable defense of employer negligence. The court further held that the raising of this defense did not make the employer or compensation carrier necessary or indispensable parties. The court noted that, upon receipt of proper notice, *"The employer and the carrier then have the absolute right to intervene at any time before trial."* (P. 247; italics added.) The court concluded that if the employer and the carrier then elected not to join as parties, the employee bringing the action became, in effect, a trustee who represented both his own interest and that of the employer or compensation carrier.

The reasoning of the *Tate* case was reaffirmed in *Benwell* v. *Dean* (1967) 249 Cal.App.2d 345 [57 Cal.Rptr. 394], another case in which the employer and compensation carrier had elected not to intervene in an action brought by an injured employee against a third party tortfeasor. In the *Benwell* case, it was only when the trial commenced that defendant indicated his intent to raise the employer negligence issue at a later stage in the proceedings. Following the entry of judgment in favor of the plaintiff, the defendant moved to bar the workmen's compensation lien on the ground of employer negligence. The trial court decided the issue of employer negligence in favor of the defendant and reduced the judgment by the amount of the compensation paid the plaintiff. Although the compensation carrier contended on appeal that it had been denied due process of law and had been deprived of its lien without a hearing or an opportunity to present witnesses, the court rejected this argument. The court concluded, in accordance with the *Tate* reasoning, that the carrier had not been denied due process because although the issue of the employer's concurrent negligence had been raised by the pleadings, it had elected not to intervene and had thereby chosen to be represented by the plaintiff, as the trustee representing the parties' common interest. The court pointed out that "defendant alleged in his answer that the accident was 'solely and proximately caused by negligence on the part of decedent's fellow employees.' In the absence of a direct attack by demurrer for more specificity, this allegation charges negligence on the part of the employers' employees, and since such negligence would be imputable to the employers under the doctrine of *respondeat superior, it suffices to allege concurrent negligence on the part of the employers and thus to present the issue under the Witt* [*supra,* 57 Cal.2d 57] *doctrine."* (P. 361; italics partially added.)

We observe that in each of the cases cited as authority herein there is evidence of some protection of the lien claimant's right to assert its claim

for reimbursement of workmen's compensation funds paid out to the injured plaintiff-employee. For example, in *Witt* v. *Jackson, supra,* 57 Cal.2d 57, employer-lien claimant had intervened in the action and was thus afforded ample opportunity to appear and defend against any allegation of negligence. Similarly, in *LaBorde* v. *McKesson & Robbins, Inc.* (1968) 264 Cal.App.2d 363 [70 Cal.Rptr. 726], a complaint in intervention was filed by the carrier seeking reimbursement of compensation benefits paid. The court there observed that "All parties were before the court: the injured employee-plaintiff, the third party tortfeasors-defendants, and the employer represented by carrier." (P. 368.) In *Smith* v. *Trapp* (1967) 249 Cal.App.2d 929 [58 Cal.Rptr. 229], the employer's compensation carrier had filed a complaint in intervention and concurrent negligence of the employer had been placed in issue. In *Garrett* v. *Shenson Meat Co.* (1970) 5 Cal.App.3d 69, 73 [85 Cal.Rptr. 65], defendants in their answer "prompted by the rule of *Witt* v. *Jackson, supra,* 57 Cal.2d 57, . . . alleged that negligence of Garrett's employer . . . was a proximate cause of the accident and of Garrett's injuries . . . ."

In *Tate* v. *Superior Court, supra,* 213 Cal.App.2d 238, the court pointed out that an employer had an absolute right to intervene before trial (and obviously had ample opportunity to do so after defendants were allowed to amend and/or cross-complain so as to charge employer's negligence). In *Benwell* v. *Dean, supra,* 249 Cal.App.2d 345, the court found that the issue of employer's negligence had been raised by the pleadings, thus the employer had a reasonable opportunity to intervene if he had chosen to do so.

In support of its contention that the trial court's action was in violation of law, Fund relies upon the provisions of sections 3859 and 3860 of the Labor Code.[2] In *Bennett* v. *Unger* (1969) 272 Cal.App.2d 202, 209-210

---

[2]These sections have been recently amended; however, at the time of the events with which we are here concerned, they read as follows:

Labor Code, section 3859: "No release or settlement of any claim under this chapter as to either the employee or the employer is valid without the written consent of both. The consent of both the employer and employee filed in court in writing together with the approval of the court, is sufficient in any action or proceeding where such approval is required by law."

Labor Code, section 3860: "(a) *Notice and opportunity to recover.* No release or settlement under this chapter, with or without suit, is valid or binding as to any party thereto without notice to both the employer and the employee, with opportunity to the employer to recover the amount of compensation he has paid or become obligated to pay and any special damages to which he may be entitled under Section 3852, and opportunity to the employee to recover all damages he has suffered and with provision for determination of expenses and attorney's fees as herein provided.

"(b) *Employer's right to reimbursement.* The entire amount of such settlement,

[77 Cal.Rptr. 326], the court (citing from *LaBorde* v. *McKesson & Robbins, Inc., supra,* 264 Cal.App.2d 363, 368), in dealing with the application of these sections to the problem of obtaining employer's consent to a settlement, concluded that these sections " 'were not designed to cover the *Witt* v. *Jackson* situation. They were not intended to block a settlement between an injured employee and a third party tortfeasor *where the concurrent negligence of the employer has been made an issue in the litigation* and where the settlement is carefully drawn to leave intact all of the rights of the employer (and his compensation carrier).' " (P. 210; italics added.) This concept was approved by our Supreme Court in *Brown* v. *Superior Court* (1970) 3 Cal.3d 427, 431 [90 Cal.Rptr. 737, 476 P.2d 105], and has now become embodied within the recently amended provisions of sections 3859 and 3860 of the Labor Code.

Conspicuous by its absence from the record in the case before this court is any evidence of protection of the employer's right to claim reimbursement. It is apparent that the matter of the employer's negligence did not become an issue in the litigation until after a jury had been selected. How, then, can it be argued that Fund had already exercised an election not to intervene when, until the moment when such conduct became an issue, there was no reason for such intervention? According to the record, it wasn't until commencement of the afternoon session on the first day of trial that tortfeasor-defendants, for the first time, raised the issue by a motion to amend their respective answers to include such an allegation. The court granted the motions but not before it expressed concern about possible prejudice to the rights of the compensation carrier who had already filed a notice of lien. It was not until the morning of the second day of trial that counsel for Fund was verbally notified by plaintiff's counsel that defendants had just raised the issue of employer's concurrent negligence. Immediately upon receipt of such notice, Fund's counsel asked plaintiff's counsel to advise the court that he was enroute to court to request a continuance because of such an amendment. When he arrived in the courtroom several hours later, all parties had already waived a jury trial and were actually in trial on the issue of the employer's negligence. At that time counsel's request for a continuance in order to intervene and prepare a defense against the charge of employer negligence was denied by the court.

Plaintiff argues that "By not joining in the action, appellant allowed its

with or without suit, is subject to the employer's full claim for reimbursement for compensation he has paid or become obligated to pay and any special damages to which he may be entitled under Section 3852, together with expenses and attorney fees, if any, subject to the limitations in this section set forth."

interest to be represented by plaintiff, knowing that the third party tortfeasor could raise the *Witt* issue by either answer or cross-complaint." Yet the record here makes it abundantly clear that one of the terms of settlement between plaintiff and tortfeasor-defendants was that plaintiff would hold defendants harmless from any action brought by Fund and that plaintiff would defend any such action on behalf of defendants. In furtherance of that agreement all parties waived jury trial and immediately commenced trial before the court on the issue of employer's negligence, even before the Fund's counsel had a chance to physically present himself in court. It was plaintiff's counsel who presented the witnesses to establish negligence on the part of the employer. There was no cross-examination of any of those witnesses. Surely such conduct on the part of plaintiff demonstrates a conflict of interest to such a degree that it cannot be seriously contended that he was protecting the interests of his employer. Why, with friends like that, who needs enemies?

We conclude that, absent some assertion of the defense of employer's negligence by tortfeasor-defendants, or any one of them, there was no dereliction of duty on the part of Fund in failing to intervene in the action since its interests were then being protected by plaintiff-employee. However, at that point where the trial court permitted defendants to amend their answers so as to allege negligence on the part of the employer, a conflict of interest between plaintiff and his employer arose and Fund should then have been given a reasonable opportunity to intervene and prepare for trial on the issue created by such amendments.

In summary, we establish, as a rule of this case, certain requirements which we find to be compatible with the concept of protecting the rights of an employer in a *Witt* v. *Jackson* situation. Simply stated, the rule is this: if the issue of an employer's negligence is to be raised as a defense to any claim by a plaintiff-employee for injuries sustained as a result of alleged negligence on the part of third party tortfeasors, then such defense must be asserted in a pleading filed and served upon the employer (or the lien claimant representing him) in a timely manner[3] so as to afford him a reasonable opportunity to be heard. Anything less constitutes a denial of due process in that it would deprive the employer of a substantial right to protect his interest in defending against a charge of negligence and thus effectively prevent him (or his lien claimant) from successfully asserting his claim for reimbursement as to those monies already expended on behalf of plaintiff-employee.

---

[3]Having in mind the requirements of the California Rules of Court, it would seem appropriate that this be accomplished not later than the date of either the pretrial or the trial setting conference.

That portion of the judgment which purports to find employer, Quality Air Conditioning Co., Inc., guilty of contributory negligence, is reversed, and the matter remanded for further trial on that issue. The court is directed to set aside its order denying Fund's motion to impose a lien upon the judgment pending retrial on the issue of employer's negligence.

Taylor, P. J., and Kane, J., concurred.