Miroslaw PASON, Plaintiff-Appellant,

v.

WESTFAL–LARSON CO., INC., a corporation, et al., Defendants,

v.

WEST WINDS, INC., Third-Party Defendant,

Fireman's Fund Insurance Company, Lien Claimant-Appellee.

No. 72–2826.

United States Court of Appeals, Ninth Circuit.

Aug. 29, 1974.

Siegfried Hesse (argued), Berkeley, Cal., for appellant.

Michael G. Lowe (argued), of Hanna, Brophy, MacLean, McAleer & Jensen, San Francisco, Cal., for appellee.

## OPINION

Before CHOY and WALLACE, Circuit Judges, and BELLONI,* District Judge.

WALLACE, Circuit Judge:

Pason, a harbor worker employed by West Winds, Inc. (Employer), was injured in May, 1966, while doing repair work aboard a completed vessel which was lying in navigable waters and filed a claim for workmen's compensation with the California Workmen's Compensation Board. He also filed a suit in the federal district court in admiralty against Westfal-Larson Co., Inc. (Shipowner) based on negligence and unseaworthiness of the vessel. Fireman's Fund Insurance Company (Fireman's Fund), as insurer of Employer, paid Pason $11,230.44 in medical care and disability benefits pursuant to state compensation law. Shipowner filed a third-party complaint for indemnification against Employer based on the doctrine of maritime warranty of safe, proper and workmanlike performance. Fireman's Fund filed a lien against any recovery by Pason from Shipowner for the amount of benefits paid to Pason. California law provides the insurer with such a lien, Cal.Labor Code § 3856; admiralty compensation law provides for an assignment of the claim to the employer and subrogation to the insurer. 33 U.S.C. § 933. Fireman's Fund attempts to utilize the lien to recover amounts paid to Pason for disability and other expenses.

Pason, Employer and Shipowner settled the case for $21,230.44 and Fireman's Fund sought to recover the amount of its lien from Pason. Pason argued that the doctrine enunciated in Witt v. Jackson, 57 Cal.2d 57, 366 P.2d 641 (1961), applies to this case because compensation was awarded under the state compensation act rather than the federal compensation act (the Long-shoremen's and Harborworkers' Compensation Act, 33 U.S.C. § 901 et seq.). If Witt applies, Fireman's Fund could be barred from recovering sums paid to Pason because of the negligence of Employer. Had Pason's action been based solely upon unseaworthiness of the vessel, Employer's concurrent negligence may not have been available as a possible defense. See Curry v. Fred Olsen Lines, 367 F.2d 921 (9th Cir. 1966), cert. denied, 386 U.S. 971, 87 S.Ct. 1165, 18 L.Ed.2d 131 (1967). The trial court, although applying California law, declined to apply Witt and allowed the lien. We reverse and remand.

The question of whether maritime or state workmen's compensation law applies is narrow but unclear. This area of the law has been in a state of flux on its judicial road from the Supreme Court decision in Southern Pacific Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L. Ed. 1086 (1917), to the development of the maritime-but-local exception to Jensen, Western Fuel Co. v. Garcia, 257 U. S. 233, 242, 42 S.Ct. 89, 66 L.Ed. 210 (1921), to the development of the twilight zone, Davis v. Department of Labor and Industries, 317 U.S. 249, 63 S. Ct. 225, 87 L.Ed. 246 (1942), and to the decision in Calbeck v. Travelers Insurance Co., 370 U.S. 114, 82 S.Ct. 1196, 8 L.Ed.2d 368 (1962). Fortunately for future litigants, the 1972 amendments to the Longshoremen's and Harborworkers' Compensation Act [1] provide the needed clarification. Unfortunately, this case is governed by the prior law.

Injuries such as Pason received while doing repair work aboard a completed vessel lying in navigable waters have traditionally given rise to a cause of action under the Longshoremen's and Harborworkers' Compensation Act. Larson, The Conflict Of Laws Problem Between The Longshoremen's Act And State Workmen's Compensation Acts, 45 S. Cal.L.Rev. 699, 701, 705 (1972). Nonetheless, Pason filed for state compensa-

---

* Honorable Robert C. Belloni, United States District Judge, District of Oregon, sitting by designation.

1. 33 U.S.C. §§ 903, 905 (1972).

tion benefits. While we think that this was not a twilight zone case and Pason's filing for state compensation may have been inappropriate, that question is not in issue on this appeal and we are not prepared to say,[2] nor need we hold, that he could not file under the state act. The state compensation board found jurisdiction. Fireman's Fund did not appeal that finding although it had a good argument that Pason could file only under the federal act. As the carrier responsible under either act, Fireman's Fund was content to compensate under the state act rather than challenge state jurisdiction. Fireman's Fund acknowledged that the federal act would have required the carrier to pay more money. Compare 33 U.S.C. § 908 *with* Cal.Labor Code §§ 4653, 4654 (1971). This obviously played a part in its decision not to attack the state jurisdiction.

■ Having now benefited from its failure to challenge the state jurisdiction and from its acceptance of California law, Fireman's Fund resists application of all the California law because under Witt v. Jackson, Employer's concurrent and contributory negligence might bar recovery of its lien. It argues that inserting this contributory negligence theory into a comparative negligence field will irrevocably damage the uniformity of admiralty laws. Although uniformity is a great virtue, it does not answer the question before us. The uniformity has already been damaged when a maritime claim, which was neither maritime-but-local nor twilight zone, was paid under state compensation laws. It is true that Pason may have erred in making the claim and that the state compensation board may have mistakenly found jurisdiction; but Fireman's Fund, to its own economic advantage, did not appeal that error. With the uniformity of maritime law already damaged and Fireman's Fund, in part, responsible, we would only add to the confusion were we not to apply at least the California compensation law uniformly. Fireman's Fund has used the California lien law to perfect its claim. It has partly allowed the door to open and we do not believe the door may now be shut as one-half of the body of law enters. With nonuniformity already extant by application of state compensation in an area which should have been governed by the federal act, we do not feel compelled to amputate part of the state law in the name of uniformity. What the Supreme Court said in The Tungus v. Skovgaard, 358 U.S. 588, 592, 79 S.Ct. 503, 3 L.Ed.2d 524 (1959), about admiralty borrowing state statutory wrongful death claims is equally true to the use of state statutory compensation claims:

> [W]hen admiralty adopts a State's right of action for wrongful death, it

2. Calbeck v. Travelers Ins. Co., 370 U.S. 114, 82 S.Ct. 1196, 8 L.Ed.2d 368 (1962), Bethlehem Steel Co. v. Moores, 335 U.S. 874, 69 S.Ct. 239, 93 L.Ed. 417 (1948), aff'g 323 Mass. 162, 80 N.E.2d 478 (1948), and Baskin v. Industrial Accident Comm., 338 U.S. 854, 70 S.Ct. 99, 94 L.Ed. 523 (1949), might be interpreted to allow Pason to file for state compensation. Larson, The Conflict Of Laws Problem Between The Longshoremen's Act And State Workmen's Compensation Acts, 45 S.Cal.L.Rev. 699, 705–07 (1972).

The area of concurrent jurisdiction was recently analyzed by Professor Larson:

But a strong case can be made for the proposition that the dominant rationale of all the Court cases from *Davis* through *Moores* and *Baskin* to *Calbeck* is one that also applies to the present issue of state jurisdiction. That rationale can be bluntly

stated: The Court simply does not want to be bothered with hair-splitting and archaic distinctions between activities of local concern and activities prejudicing the uniformity of maritime law, especially when what is at stake is no longer some compensation versus no compensation, but merely the possible differential between two compensation acts. It must be recalled that the main body of law that is still invoked in these cases was built up before the Longshoremen's Act was passed, at a time when the effect of holding an activity to be non-local was to deprive the injured worker of all protection. It is not surprising that, although a few such cases reached the Supreme Court after passage of the Act in 1927, they dropped off almost completely after 1930.
*Id.* at 727.

must enforce the right as an integrated whole, with whatever conditions and limitations the creating State has attached. That is what was decided in The Harrisburg, [119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358] where the Court's language was unmistakable: ". . . [I]f the admiralty adopts the statute as a rule of right to be administered within its own jurisdiction, it must take the right subject to the limitations which have been made a part of its existence. . . . The liability and the remedy are created by the same statutes, and the limitations of the remedy are, therefore, to be treated as limitations of the right." 119 U.S. 199, at 214 [, 7 S.Ct. 140, at page 147]. That is the doctrine which has been reiterated by the Court through the years. (Footnote omitted.)

*See* Curry v. Fred Olsen Line, 367 F.2d 921 (9th Cir. 1966), cert. denied, 386 U.S. 971, 87 S.Ct. 1165, 18 L.Ed.2d 131 (1967).

■ The Fireman's Fund uniformity argument also fails to distinguish between the jurisdiction question and the question of the choice of law once jurisdiction has been determined. The Supreme Court decisions upon which Fireman's Fund bases its uniformity argument dealt with the question of jurisdiction to grant an award.[3] The question before us is once jurisdiction is established under the state compensation act, does any overriding maritime principle forbid the application of all of that state law. We think that the answer must be no. Once Fireman's Fund elected to seek a lien against a possible recovery under state law, the question of whether or not

that lien attaches must be determined completely by reference to state law. We cannot recognize a right created by a state statute and then ignore state cases that have developed limitations on that right. Had Fireman's Fund wanted to avoid the *Witt* problem, it should have challenged the jurisdiction of the state compensation board. Having failed to do so, it now attempts a backdoor approach to stop the application of all of the state substantive law.

Fireman's Fund interprets the law to its exclusive benefit by relying upon the California Workmen's Compensation law to reduce its payments and then by asking us to recognize a lien under that same law but not to recognize case law that limits the right to the lien. We reject the insurance company's argument that maritime policy precludes the application of Witt v. Jackson to a state compensation award made on a maritime claim. We also reject the argument that in this type of case the Supremacy Clause, as developed in *Jensen,* mandates that we so radically alter California law.

■ Fireman's Fund charges that the application of the *Witt* doctrine in this case may allow a double recovery by Pason. Although the record does not disclose what damages were included in the negotiated settlement between Pason and Shipowner, the fact that the total was exactly $10,000 more than the compensation payments probably indicates that the settlement included an award for the damages for which Fireman's Fund had already compensated Pason. But even if the record did clearly demonstrate that there was a double recovery, any double recovery would not occur because Pason

3. In one of the early cases dealing with the maritime-but-local doctrine, the Court rejected an argument which is very similar to that of Fireman's Fund. In Grant Smith-Porter Ship Co. v. Rohde, 257 U.S. 469, 42 S.Ct. 157, 66 L.Ed. 321 (1922), the Court held that a state compensation act could be applied. That act also abrogated the right of the injured worker to sue in an admiralty court to recover damages. In the instant case, the California compensation law ab-

rogates the right of the insurance company to recoup its payments. The Court held:
> Assuming that the second question presents the inquiry whether in the circumstances stated the exclusive features of the Oregon Workmen's Compensation Act would apply and abrogate the right to recover damages in an admiralty court which otherwise would exist, we also answer, yes.

*Id.* at 478, 42 S.Ct. at 159.

was allowed to keep what was paid by Fireman's Fund but because Shipowner failed to deduct that amount in arriving at a settlement. If Shipowner knew of the *Witt* doctrine, it should have negotiated a settlement with the nonrepayment of compensation benefits in mind. It is, therefore, Shipowner, if anyone, who made an unnecessary payment.

Nevertheless, under California law a third party (Shipowner) cannot settle with a plaintiff (Pason) so as to prejudice the plaintiff's employer (Employer) or the employer's carrier (Fireman's Fund). Under the California Labor Code section in force at the time Pason's accident occurred, an employee is precluded from settling with a third-party defendant without the consent of his employer and without the approval of the court:

> No release or settlement of any claim under this chapter as to either the employee or the employer is valid without the written consent of both. The consent of both the employer and employee filed in court in writing together with the approval of the court, is sufficient in any action or proceeding where such approval is required by law.

Cal.Labor Code § 3859. Section 3860(a) and (b) further provided:

> (a) No release or settlement under this chapter, with or without suit, is valid or binding as to any party thereto without notice to both the employer and the employee, with opportunity to the employer to recover the amount of compensation he has paid or become obligated to pay and any special damages to which he may be entitled under Section 3852, and opportunity to the employee to recover all damages he has suffered and with provision for determination of expenses and attorney's fees as herein provided.
>
> (b) The entire amount of such settlement, with or without suit, is subject to the employer's full claim for reimbursement for compensation he has paid or become obligated to pay

and any special damages to which he may be entitled under Section 3852, together with expenses and attorney fees, if any, subject to the limitations in this section set forth.

In Brown v. Superior Court, 3 Cal.3d 427, 90 Cal.Rptr. 737, 476 P.2d 105 (1970), the California Supreme Court was faced with the question of what effect Witt v. Jackson has on the operation of these two sections. In *Brown* an employee sued a third party, seeking recovery for personal injuries. The employer and the employer's carrier filed notices of lien, claiming a lien upon any recovery by the employee for the amount of workmen's compensation benefits that the carrier had paid to the employee. Prior to trial, the employee and the third party settled without providing for reimbursement to the carrier on its claimed lien. Accordingly, the carrier refused to consent to the settlement. The trial court nevertheless approved the settlement, but upon the carrier's motion vacated its approval. The employee instituted a mandamus proceeding, seeking to have the trial court compelled to approve the settlement.

The Supreme Court denied the writ, holding that the trial court cannot approve a settlement agreement that does not resolve the negligence issue. The court stated:

> As correctly pointed out in Smith v. Trapp, *supra,* 249 Cal.App.2d 929, 940, [58 Cal.Rptr. 229] the employee makes an election to accept the benefits of the Labor Code in receiving a compensation award. His right to such an award is not defeated by his own negligence or by the employer's lack thereof. (§ 3600.) However, after electing to receive workmen's compensation from the employer or the latter's carrier the employee cannot reasonably be heard to contend that, in disregard of and free from the reimbursement rights of those who paid his compensation, he should be permitted to settle his claims against a negligent third party without first securing a favorable determination of the

**1232**

negligence issues upon which both employee's and employer's right to recover will initially depend.

3 Cal.3d at 432, 90 Cal.Rptr. at 740, 476 P.2d at 108. The court further reasoned that an employee would not prejudice the employer's interest by failing to resolve the issue of the employer's negligence as long as the issue of the third party's negligence was resolved and the settlement did not include the payment for the compensation that the employer had already paid. In such a case the employer could bring a separate action against the third party for the recovery of the benefits he had paid and, in that action, the issue of the employer's negligence could be resolved. But when the settlement agreement has failed to resolve the issues of the third party's negligence and the employee's contributory negligence—issues that will initially determine whether the employer will be able to recover—the employer has been prejudiced and the settlement agreement cannot be approved. Thus, the court concluded:

> In this case, not only did defendants raise no issue of concurrent negligence by the employer, but plaintiff has made no showing whatever that the issues with respect to negligence as between himself and defendants, upon which both plaintiff's and the employer's recovery rights would depend, had been finally determined in plaintiff's favor in connection with or as an incident of the proposed settlement agreement between plaintiff and defendant. It follows that the trial court was correct in its ruling that the settlement, which excluded the carrier's claimed lien, should not be approved.

3 Cal.3d at 433, 90 Cal.Rptr. at 741, 476 P.2d at 109.

■ We are unable to determine from the record in this case whether the settlement agreement resolved the issues of Pason's and Shipowner's negligence. In addition, since Employer also signed the settlement agreement, there is a possibility that the issue of Employer's negligence may have been resolved to the prejudice of Fireman's Fund. Since we have concluded that in recognizing a right to a lien created under California law, we must be governed by all of the conditions attached to that right, we must follow the requirements of Brown v. Superior Court, 3 Cal.3d 427, 90 Cal. Rptr. 737, 476 P.2d 105 (1970). In the present case the trial court did not apply these principles. Thus, we remand the case for the district court to determine whether the settlement agreement resolved the issues of negligence and whether it prejudiced Fireman's Fund without its consent. The ultimate decision by the district court should then be guided by the principles enunciated in this opinion.

Reversed and remanded.